## Lykens *versus* Whelan.

In ejectment, the plaintiff, in order to recover, must show title or ouster, and, as a foundation for the latter, must prove a previous possession, and both the ouster and possession must be clearly made out: and if the whole evidence offered will not establish these, the plaintiff is not entitled to a reversal for the exclusion of a part of it.

ERROR to the Common Pleas of *Schuylkill county*.

This was an action of ejectment, brought to July term 1849, by Isaac P. Lykens, against William Whelan, for a lot of ground in the borough of Pottsville.

The title to the lot in question to Peter Starr, was regularly shown.

The plaintiff then produced Peter Starr, who testified—"I bought the lot of H. Shelly—I took possession of the lot as soon as they gave me the deed—I fenced it and cleared the lot."

The plaintiff then offered to prove by Peter Starr and others, that Peter Starr put Jacob Geisse into the possession of the lot, and that Jacob Geisse thereafter occupied the lot, and expended money upon it; and whilst he so occupied it, he, Jacob Geisse, sold the lot to the plaintiff in this suit.

The defendant objects to the evidence on the ground that Peter Starr states *that he executed a deed to Geisse* for the lot in question, which is not produced nor accounted for.

The court reject the evidence and the plaintiff excepted.

The plaintiff then offered to prove that Jacob Geisse was in possession of the lot in controversy, and that, on the 8th of August, 1845, he contracted in writing to sell the said lot to the plaintiff, and in pursuance of said contract, put the plaintiff in possession of the same, who expended money upon it.

The court admitted the evidence, and the defendant excepted and asked the court to seal a bill of exceptions.

The plaintiff then produced Charles Madara.—I know the lot— I did work for Jacob Geisse on the lot, setting curbstones. I cannot recollect when it was—it was about four or five years ago— it was before the American House (Eagle Hotel) was begun—Jacob Geisse paid me for my work.

Cross-examined.—I set the curbstones round the corner of the lot forty feet.

Peter Starr.—Jacob Geisse was with me on the lot at the time he bought it, and allowed he would put a stronger fence around it, and make a drovers' pen.

The plaintiff then offered in evidence an agreement dated August, 1845, between Jacob Geisse and Isaac P. Lykens.

The defendant objected, on the ground that no title had been shown in Jacob Geisse.

[Lykens *v.* Whelan.]

The court admitted the evidence, and defendant excepted.

The article of agreement was then proved by the subscribing witness and read, dated the eighth day of August, 1845.

The plaintiff then produced Isaac Severn.—I was a member of the town council in 1845 : I was chairman of the street committee, and called on Mr. Geisse and gave him notice to pave the gutter. He said he had sold the lot to Lykens, and had nothing more to do with it, and that I should go to Lykens.   I then went to Lykens, and asked him if he had purchased the lot of Geisse : he said yes, and I told him he must pave the gutter in ten days.   Afterwards I saw him at work at it—he and some other men—he was on the premises while the work was going on.   This was in the fall of the year—the latter part of the season, and Lykens was at work at the house (the Eagle Hotel) at that time.   There was more than $1000 of work done at that time—the building was closed in—there was more than five or six thousand dollars worth of work—it was while they were building the hotel, and the season they commenced it.

Cross-examined.—The building was not finished at this time—was not finished until the following spring.

The defendant then proposed to ask the witness whether Lykens ever finished the building, and whether he does not know that Lykens did not finish the Eagle Hotel.

The court admitted the testimony, and plaintiff excepted.

I don't think that I know whether Lykens finished the hotel or not. The Eagle Hotel is not yet paved and curbed on Union street— the curbstones are there, and have been on the ground for more than a year—no back-staircase to the building outside of the building—I saw no furnace in the cellar.

Bernard Reily, sworn.—I called on Mr. Geisse for the purpose of purchasing the lot while the Eagle Hotel was building.   It was in the fall of 1845—Mr. Lykens was present—Mr. Geisse said the lot did not belong to him—he had sold it to Mr. Lykens.

Cross-examined.—I think the cellar-walls (of the Eagle Hotel) were building at the time—it was not enclosed in a roof.   I cannot say whether Lykens was working there or not.

John Smith, sworn.—I know the lot in Mahantango street—I worked on it for Isaac P. Lykens—delivered stone for paving the gutter—this was at the time the hotel was building.

The plaintiff requested the court to charge the jury upon the following points :—

1. If the jury believe that Jacob Geisse agreed with the plaintiff that the lot was paid for by work done or materials furnished under the contract for building the hotel, and the jury may infer this agreement from the declaration of Geisse that the lot belonged to Lykens; and that, in pursuance of this declaration, Lykens took possession of this lot and expended money upon it—the equitable interest in the lot became vested in the plaintiff; and that, in order

[Lykens *v.* Whelan.]

to recover in this action, the plaintiff is not obliged to show that afterwards he finished the building.

2. That if the parties agreed at any time that the lot had passed from Geisse to Lykens, in payment of work done by Lykens under the contract; and that Lykens, with consent of Geisse, took possession of the lot—the equitable interest in the lot become vested in Lykens; and that he has such a title as will enable him to recover in this action.

KIDDER, J., charged the jury:—The plaintiff claims a lot of ground on Mahantango street, in the borough of Pottsville, thirty feet in front and two hundred and forty feet deep. There is no difficulty in reference to the original title to the lot; and it is admitted to be part of the tract formerly owned by John Pott, deceased, which, by proceedings in the Orphans' Court, was adjudged to his son and heir, William Pott. The plaintiff, by regular conveyances, has brought down the title into Peter Starr. Here the paper title stops, so far as the evidence is concerned. Peter Starr was called by the plaintiff to prove a transfer of the lot to Jacob Geisse; but, it appearing from his statement that the only transfer made by him was by deed, which was neither produced nor accounted for, the court ruled out the evidence. The plaintiff next calls Charles Madara, for the purpose of showing that Geisse was in possession of the lot in question. He states that he put down curbstone in front of the lot, for Geisse; and Peter Starr states that he went on to the lot with Geisse, and he (Geisse) said he would fence it and make a pen for cattle. This is the evidence as to the actual possession of Geisse.

The plaintiff then introduces an article of agreement between Jacob Geisse and Isaac P. Lykens, bearing date August 8, 1845, for the building a hotel. It appears that Lykens was to pay seven hundred dollars for the lot, in part consideration for building said hotel, according to certain plans, which were made part of the agreement; but it is expressly stipulated, that " the said Lykens is not to have any title to the said lot of ground until the completion of the said hotel," when a good deed was to be made to him by Geisse. The plaintiff then introduces some evidence that Lykens was at work in the fall of 1845 upon the hotel, but it is not shown that he completed it, nor is it proved how much work he did upon it. In connection with this, the plaintiff has shown that after the date of the agreement, Geisse stated to Severn and Reily that he had sold the lot to Lykens, and that Lykens paved the gutter in front of the lot, in pursuance of notice from the borough council, and he claims that the declarations of Geisse, accompanied by the paving of the gutter, independent of the stipulations of the contract, entitle him to recover in this action.

On the part of the defendant no evidence is offered. He stands upon his possession, and claims that the plaintiff has not made out

[Lykens *v.* Whelan.]

his case, and that from his own showing he is not entitled to recover.

1. Because the title is shown to be in Peter Starr, and

2. Because, from the terms of the contract, the plaintiff acquired no title to the lot until the hotel was completed.

With regard to the first point, it is a familiar rule that a plaintiff in ejectment must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's. The legal title in this case is shown to be in Peter Starr, and consequently the plaintiff cannot recover.

The view we take of this point disposes of the whole case, but we will go further, and say that even if the plaintiff had shown the title in Geisse, he still could not recover without first showing that he had substantially completed the hotel according to the terms of the contract, or that he had been prevented from performance by the act of Geisse. He has shown neither, and, giving every legal effect to the plaintiff's evidence of which it is susceptible, we say to you that he cannot recover, and your verdict must be in favor of the defendant.

The plaintiff has submitted two points, which the court answer as follows :—

1. The first point is virtually answered in our general charge. There is no evidence that Geisse agreed with the plaintiff that the lot was paid for by work done or materials furnished under the contract for building the hotel, and the declarations of Geisse, as shown, do not prove such an agreement; there is no evidence going to show that the parties made a new contract, or changed the terms of the written one.

2. There is no evidence in the case going to show the agreement between the parties suggested by this point, and this proposition is fully answered by the charge of the court.

The plaintiff excepted to the charge, and asked that it be reduced to writing and filed.

Verdict was rendered for defendant.

It was assigned for error:

1. The court erred in not admitting the evidence offered by the plaintiff, " That Peter Starr put Jacob Geisse into possession of the lot; and that Jacob Geisse thereafter occupied the lot and expended money upon it; and that, whilst he so occupied it, he (Jacob Geisse) sold the lot to the plaintiff in this suit."

2. The court erred in permitting the defendant to ask the witness, Isaac Severn, whether Lykens ever finished the building, and whether he does not know that Lykens did not finish the Eagle Hotel.

3. The court erred in charging the jury, " That the legal title in this case is shown to be in Peter Starr, and consequently the plain-

[Lykens *v.* Whelan.]

tiff cannot recover;" and in not referring to the jury the evidence tending to show that the right of possession to the lot was in the plaintiff.

4. The court erred in charging the jury, "That even if the plaintiff had shown the title in Geisse, he still could not recover, without first showing that he had substantially completed the hotel according to the terms of the contract, or that he had been prevented from performance by the act of Geisse."

5. The court erred in charging the jury, "That, giving every legal effect to the plaintiff's evidence of which it is susceptible, we say to you that the plaintiff cannot recover, and that your verdict must be in favor of the defendant."

6. The court erred in answering the points in the negative, submitted by the plaintiff.

7. The court erred in not charging the jury, that the plaintiff, if they believed the evidence, had shown sufficient to entitle him to recover the possession of the lot against an intruder who shows no title.

8. The court erred in not charging the jury, that, if they believed the evidence, the defendant, as he did not show that he claimed under Peter Starr, could not set up the title of Peter Starr against the plaintiff, under the evidence in this suit.

The case was argued by *Parry* and *Bannan*, for Lykens, plaintiff in error.

*Hughes* and *Loeser*, for defendant.

April 15, 1851.

PER CURIAM.—The plaintiff, having shown no title, could recover only on proof of an ouster; but, as a foundation for it, he was bound to prove a previous possession; and both the ouster and the possession were to be clearly made out. By the terms of his contract with Geisse, he was not to have the title before he had finished the building for which it was part of the consideration. In the mean time, he entered on the lot with Geisse's assent, and exercised an act of ownership by paving a gutter in front of it, to comply with an ordinance of the borough. Whether he abandoned the possession, or surrendered it to the defendant, does not appear; but we hear no more of it for three years, when this action was brought. The defendant had, in the mean time, entered and built a valuable house. There was, therefore, very slight evidence of possession, and no evidence of ouster at all. The case would have stood thus even had all the evidence been admitted; and as the defendant might have safely demurred to it, the plaintiff could not be prejudiced by the exclusion of a part of it.

Judgment affirmed.